LOTTINGER, Judge.
This is a workmen’s compensation proceeding which arises out of an accident which occurred when the plaintiff, an employee of the Capital Detective Agency, while patrolling a community road on properties of the Godchaux Sugar Refinery in the Parish of St. John where a strike was in progress, was fired upon from ambush by some person unknown and struck by three buckshot pellets. The plaintiff was struck in the nose and upper lip and one of the pellets struck a ring on his finger, knocking off the stone, hut without injury to the finger itself.
The occurrence of the accident, insurance coverage, etc. were all admitted and the sole question presented to the Court below was as to quantum. The plaintiff based his claim on the provisions of LSA-R.S. 23 :- 1221 (4) (p) seeking recovery at the rate of $30 per week for a total of 400 weeks as follows:
(a) 100 weeks compensation for permanent disfigurement about the face and head.
(b) 100 weeks compensation for the impairment of breathing resulting from the injuries.
(c) 100 weeks compensation for the impairment of his speech.
(d) 100 weeks compensation for damages to his eyesight.
The trial judge awarded the plaintiff the sum of $15 per week for 100 weeks from which judgment he has appealed. The defendants have neither appealed nor answered the appeal.
The trial judge rendered written reasons for his judgment as follows:
“Plaintiff claims no present disability. He bases the claim here made upon L.S.A.[R.S.] -23:1221 [4] (p) which reads as follows:
“ ‘In cases not. falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks.’
“Specifically he claims compensation for (1) permanent disfigurement about the face or head; (2) for the impairment of his breathing resulting from the injuries; (3) for the impairment or impediment of his speech; (4) for damages to his eye sight.
“In a word, he seeks to enlarge the remedy afforded him by LSA[R.S.] 23:1221 [4] (p) and to recover compensation at the rate of $30.00 per week for 400 weeks on the strength of a provision of the Workmen[’s] Compensation Law which permits recovery for only 100 weeks. In my opinion, this can not be done. The law seems clear that the Court has no discretion in the number of zveeks for which compensation shall be paid, the sole discretion of the Court being to fix the amount of compensation to be paid.
“On this point we find in the brief of able counsel for plaintiff, the following:
“ ‘Few cases have been found in Louisiana’s jurisprudence which would be comparable here. This, however, is no reason why a little “new ground” shouldn’t be taken in. The act specifically provides for such awards being within the complete discretion of the court. Everything has to have its beginning.’
“This court is loath to ‘break the nena ground’. If it is to be broken it will have to be done by a higher court.
“I will not attempt to go into detail as to plaintiff’s injuries. It sufficeth *729 to say that as a result of the injuries plaintiff sustained, there is a slight scarring of his nose and lip. The photographs of plaintiff offered in evidence fully show this to be true.
“There is considerable doubt from the medical testimony offered concerning plaintiff’s deviated septrum that it resulted from the wounds received, or that if so there is any appreciable impairment of plaintiff’s breathing, resulting from the gun shot wounds. See testimony of Dr. DiLeo (Tr. pp. 11-15-16).
“As to the alleged impediment of plaintiff’s speech, the medical testimony, particularly that of Dr. Sabatier, suggests that the injuries received by plaintiff might have aggravated or increased a pre-existing impediment of .speech resulting from a prior injury he received while working for Sline Industrial Painters in 1951. There was little or no evidence offered however to show the extent of this alleged impediment either immediately prior to or ■after the accident.
“As to plaintiff’s alleged eye injury, the evidence shows that there was a ■slight injury to plaintiff’s eye or eyes which was observed while he was a patient at Hotel Dieu, resulting from the accident.
“However, it appears from the testimony of Dr. Polito that as of the date ■of the trial of this case, with glasses which Dr. Polito prescribed, plaintiff’s vision in both eyes was 20/20 or perfect. (Plaintiff had worn glasses for four years before the accident, and the ■evidence shows his vision was not appreciably affected by the accident.)
“I am convinced that plaintiff does have a disfigurement of his face and head, namely a scarring of his nose and lip, and that it may be that his breathing hag been impaired to some extent ■due to the injury to his nose, and I am of the opinion that the evidence otherwise fails to show any temporary or permanent impairment of any of plaintiff’s physical functions.
“For the disfigurement of his face and nose and possible impairment of his breathing defendant is entitled to recover compensation for 100 weeks. Considering the amount of awards by the Appellate Courts under the section of the law here involved in other similar cases, I think plaintiff should have judgment in the sum of $15.00 a week for 100 weeks, with legal interest on each past due installment until paid, less the amount of compensation already paid.”
We are in full accord with the trial judge’s conclusions that multiple awards, such as are sought here, are not authorized by the provisions of LSA-R.S. 23:1221 (4) (p). While the quantum is res nova, we have no difficulty in concluding that the statute, in case of serious permanent disfigurement or serious impairment of a physical function, authorizes a maximum of 100 weeks compensation. Were we to accept the plaintiff’s theory, it would be entirely possible for one accident to give rise to even more than 400 weeks compensation with the anomalous result that such a claimant would be awarded more than his brother worker who was totally and permanently disabled in an accident. For example, if this plaintiff could, in addition to the other four claims, successfully establish that the shotgun blast at close range had also seriously impaired his hearing, he would, under this theory, though perfectly hale and hearty and fully able to work, be entitled to 500 weeks compensation.
We are ever mindful of the humanitarian aims of the compensation statute and endeavor to interpret it accordingly. The construction sought here, however, is without precedent, is inconsistent with the other provisions of the act, and, to our minds, was never intended by the legislature.
*730 The trial judge’s findings are amply supported by the record and constitute a very fair award.
For the reasons assigned the judgment appealed from is affirmed.
Judgment affirmed.